IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ERCIL K. RAYFORD, )
)
    Plaintiff, )
)
v. ) No. 1:14-cv-00122
) Judge Haynes
REBECCA MILLAY and )
DAVID BREECE, )
)
    Defendants. )

# MEMORANDUM

Plaintiff, Ercil K. Rayford, also known as Ercil K. Gates, an inmate at the Turney Center Industrial Complex ("TCIX") in Only, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Rebecca Millay and David Breece. Plaintiff alleges violations of his constitutional right to access the courts. (Docket Entry No. 1.) Plaintiff seeks damages and injunctive relief. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

Under the PLRA, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* at 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

In this action, Plaintiff alleges that Defendants Rebecca Millay and David Breece, both employed at TCIX, confiscated documents that related to a habeas corpus proceeding in the Tennessee state courts, and that such confiscation occurred just days prior to the date on which Plaintiff intended to file these documents as exhibits to a court pleading. Plaintiff insists that these exhibits proved his claim, namely that the Tennessee Department of Correction has continued to exercise custody over him past the date his sentences expired. Plaintiff insists that,

but for the confiscation of these documents, he could have proved the merits of his claims in the state court.

Prisoners have a constitutional right of meaningful access to the courts to attack their sentences or challenge conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 291 (6th Cir. 1999) (en banc) (per curiam) ("A prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."). To state a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation. *Lewis*, 518 U.S. at 351. Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *See id.*; *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

Here, Plaintiff alleges that Defendants are prison officials who are presumed to act under color of state law, and he alleges that Defendants were personally involved in activities that directly interfered with Plaintiff's pursuit of a meritorious habeas corpus action in the state court. The Court must accept Plaintiff's allegations as true at this stage in the proceedings. The Court therefore finds, for purposes of the initial review required by the PLRA, that Plaintiff has stated colorable claims against Defendants.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of _____, 2014.

_____
WILLIAM J. HAYNES, JR.
United States District Judge