# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **ERCIL K. RAYFORD, #150772** ) | |
| ) | **Case No. 1:14-cv-00122** |
| **Plaintiff,** ) | **Senior Judge William J. Haynes, Jr.** |
| ) | **Magistrate Judge Joe Brown** |
| v. ) | **Jury Trial Demanded** |
| ) | |
| **REBECCA MILLAY AND** ) | |
| **DAVID BREECE,** ) | |
| ) | |
| **Defendants.** ) | |

To: The Honorable William J. Haynes, Jr., Senior United States District Judge

## REPORT AND RECOMMENDATION

Before the court are Plaintiff's Motion for Injunctive Relief and Defendants' Motion to Dismiss. For the reasons explained below, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief (Docket Entry No. 22) be **DENIED** and that Defendants' Motion to Dismiss (Docket Entry No. 24) be **DENIED**.

## I. INTRODUCTION AND BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint against Defendants Rebecca Millay and David Breece on September 11, 2014, alleging a violation of his civil rights under 42 U.S.C. § 1983. (Docket Entry No. 1). On October 29, 2014, the District Judge referred this action to the Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A)-(B) and Federal Rule of Civil Procedure 72(a)-(b)." (Docket Entry No. 13). On November 12, 2014, Plaintiff filed a Motion for Injunctive Relief. (Docket Entry No. 22). On November 26, 2014, Defendants filed their first Motion to Dismiss Pursuant to U.S.C. 1915(g) (hereinafter "Motion to Dismiss) and an accompanying Memorandum. (Docket Entry Nos. 24, 25). On December 11,

2014, Plaintiff filed a Motion to Deny the Defendants Motion to Dismiss and an accompanying Memorandum (hereinafter "Response"). (Docket Entry Nos. 26, 27).

Plaintiff requests injunctive relief against various staff members at the Turney Center Industrial Complex (T.C.I.X.). (Docket Entry No. 22). Defendants move for Plaintiff's claim to be dismissed under 28 U.S.C. § 1915, or alternatively for Plaintiff to be ordered to pay the full filing fee. (Docket Entry No. 24). Defendants allege that Plaintiff has accumulated at least three previous "strikes" under 28 U.S.C. § 1915(g) and therefore cannot proceed *in forma pauperis*. (Docket Entry No. 25). Therefore, the matter is now properly before the Court.

## II. ANALYSIS

### A) Demand for Injunctive Relief

In *Jones v. Caruso*, the Sixth Circuit Court of Appeal implemented a balancing test to determine whether a party's request for an injunction should be granted. *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009) (citations omitted). When determining whether a grant of injunctive relief is appropriate, the court should look at the following elements: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not granted; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the injunction advances the public interest." *Jones*, 569 F.3d at 270.

Generally, none of the four factors is given controlling weight, but a court may not issue a preliminary injunction "where no likelihood of success exists on the merits." *Morgan v. Tennessee Dept. of Corrections*, 92 Fed. Appx. 302, 304 (6th Cir. 2004) (citation omitted). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an

extraordinary remedy." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 228 F.3d 729, 729 (6th Cir. 2000)). The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success. *McNeilly*, 684 F.3d at 615 (citing *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 441 (1974)) (internal quotation marks omitted).

However, the Court must analyze whether the Plaintiff has standing to request an injunction before determining whether an injunction is merited. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 109 (1998). Plaintiff alleges that he was injured when Mrs. Breece[1] did not return a "six month transaction statement" to the Plaintiff for nine days after the document was notarized, and that the "staff of Unit Four," including Defendant Breece, separated his mail and did not give Plaintiff his mail for a week. (Docket Entry No. 22). Plaintiff also alleges that he is being obstructed from copying legal documents and that he is not being provided with postage for legal mail. (Docket Entry No. 22). However, even liberally construing Plaintiff's complaint, Plaintiff does not allege any facts that these actions are ongoing or could be repeated in the future. (Docket Entry No. 22). Because Plaintiff has not alleged any current or future injury, Plaintiff does not have standing to seek injunctive relief.

Even if Plaintiff did have standing to move the Court for injunctive relief, a balance of the factors set out in *Jones v. Caruso* shows that Plaintiff is not entitled to injunctive relief. First,

---

[1] Plaintiff mentions "Ms. Breece" throughout his pleadings, but did not name her as a party in this case. It is unclear if Ms. Breece is related to Defendant Breece, and if so, how they are related. Federal Rule of Civil Procedure 65(d)(2) states that an injunction is binding on the parties, the parties' officers, agents, servants, employees or attorneys, as well as on "other persons who are in active concert or participation" with any of the other described individuals, if the individual has actual notice of the injunction. FED. R. CIV. P. 65(d)(2).

Plaintiff has not shown a strong chance of success on the merits because a single incident of a prison official interfering with a prisoner's access to a copier machine or delay in receiving mail or other documents does not rise to the level of deprivation of a civil right. *See Myszka v. Asbury*, No. 3:07-0671, 2008 WL 452415, at *7 (M.D. Tenn. 2008) (noting "the nonreceipt of a single piece of mail does not rise to an actionable violation of Plaintiff's constitutional rights.") (citation omitted). Second, Plaintiff has not provided any facts showing that he will suffer irreparable harm if the injunction against Defendants is not granted. Plaintiff has only alleged that he was harmed in the past, and has not provided proof that he could be harmed in the future. Finally, Plaintiff has not shown whether the relief requested would cause substantial harm to any other parties, or how it would advance the interests of the public. The staff at T.C.I.X. already provides the services that Plaintiff requested, including supplying postage for legal mail, notarizing documents and providing access to a copying machine. Therefore, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief be **DENIED**.

### B) Defendants' Motion to Dismiss Plaintiff's Claim

The Prison Litigation Reform Act states the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more previous occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C.S. § 1915(g). Defendants allege that "(o)n three or more prior occasions, inmate Rayford has brought an action in a federal court which was dismissed as frivolous or malicious, or which failed to state a claim for relief." (Docket Entry No. 24, pg. 1).

### 1) Analysis of "imminent danger" exception

For the "imminent danger" exception to apply, a plaintiff must prove that "his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the] [p]laintiff was under an existing danger at the time he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 Fed. Appx. 488, 492 (6th Cir. 2012) (citations and internal quotation marks omitted). Moreover, the "imminent danger" must be "real and proximate" and that "the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder* 290 Fed. Appx. 796, 797 (6th Cir. 2008) (citations omitted).

Plaintiff's Response does not address § 1915(g) or Defendants' arguments related to the three strikes provision. Plaintiff does allege various injuries in his Complaint, but does not allege or offer evidence of any "danger of serious physical injury." (Docket Entry No. 1). Plaintiff alleges that the Defendants denied him access to a copier at T.C.I.X., and confiscated some documents that Plaintiff was planning on including in a Motion to Alter, Amend, and Find Additional Facts in a separate habeas corpus case, *Rayford v. Johnson*. (Docket Entry No. 1).

While Plaintiff describes how the confiscation of his documents could have affected his habeas corpus action, Plaintiff has not alleged any serious physical injuries in either his Complaint or his Response. Therefore, even liberally construing the Plaintiff's Motion, the "imminent danger" exception of 28 U.S.C. § 1915(g) does not apply. However, Plaintiff may still proceed with this action *in forma pauperis* if fewer than three previous actions filed by Plaintiff are determined to be strikes, or Plaintiff may remit payment to the Court for the cost of the filing fee for this action.

### 2) Analysis of Plaintiff's Previous Claims

Plaintiff has filed seven previous actions in federal courts while incarcerated under the name "Ercil K. Gates."[2] Defendants do not specifically allege which of Plaintiff's previous claims count as a strike against him, but refer to all seven previously filed federal cases in their Memorandum. (Docket Entry No. 25). Therefore, the Magistrate Judge reviews each case to determine if any count as "strikes" against Plaintiff for purposes of a motion to proceed *in forma pauperis*. In order for a previously adjudicated case to count as a strike under 28 U.S.C. § 1915(g), the case must have been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

The seven cases that Plaintiff has previously filed are listed below. The magistrate judge reviews them in order.

- *Gates v. Holliday, et al*, 4:08-cv-03590, (E.D. AR 2008)   Does not count as a strike.
- *Gates v. Holliday, et al*, 4:08-cv-04192, (E.D. AR 2008)   Counts as a strike.
- *Gates v. Holladay, et al*, 4:08-cv-04208, (E.D. AR 2008)   Does not count as a strike.
- *Gates v. Hobbs, et al*, 2:10-cv-00077, (E.D. AR 2010)   Does not count as a strike.
- *Gates v. Holladay, et al*, 4:08-cv-04194, (E.D. AR 2008)   Does not count as a strike.
- *Gates v. Holladay, et al*, 4:09-cv-00267, (E.D. AR 2009)   Does not count as a strike.
- *Gates v. Holladay, et al*, 4:08-cv-04226, (E.D. AR 2008)   Does not count as a strike.

One of Plaintiff's previous cases was dismissed in the entirety without prejudice. *Gates v. Holladay*, 4:2008-cv-03590, (E.D. Ark. 2008). This case does not count as a strike against

---

[2] It is unclear to the Court whether Plaintiff's correct name is Ercil K. Gates or Ercil K. Rayford. It is also unclear why Plaintiff has filed cases under two different names. Plaintiff has filed seven previous actions under the alias "Ercil K. Gates."

Plaintiff. *See Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007) (holding that when a case is dismissed without prejudice, the dismissal does not count as a strike).

Another one of Plaintiff's previous cases was dismissed in its entirety for failure to state a claim. *Gates v. Holladay, et al*, 4:2008-cv-04192 (E.D. Ark. 2008). This case counts as a strike against Plaintiff because the language of the district court's order clearly states that the Plaintiff's claim was dismissed for failure to state a claim upon which relief can be granted. *Gates*, 4:2008-cv-04192, (E.D. Ark. 2008). *See* Docket Entry No. 16 therein.

Two of Plaintiff's previously filed cases involve "mixed dismissals." *Gates v. Holladay, et al*, 4:2008-cv-04208 (E.D. Ark. 2008) (Docket Entry No. 8); *Gates v. Hobbs, et al*, 2:2010-cv-00077 (E.D. Ark. 2010) (Docket Entry No. 81). In the Sixth Circuit, "if an entire action [is] dismissed, at least in part for § 1915(g) reasons, and if none of the claims were found to have merit, then the action counts as a strike under § 1915(g)." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 496 (6th Cir. 2012). In such a case, again where the entire action was dismissed, the plaintiff has the opportunity to prove that the action should not count as a strike by refiling the claims dismissed for non-1915(g) reasons and proving that they had merit. *See Taylor*, 508 F. App'x at 496. However, when a court does not dismiss an entire action but rather dismisses some claims and allows other claims to proceed, then the action will not count as a strike. *See Taylor*, 508 F. App'x at 496 (6th Cir. 2012)("Even if an action only has one meritorious claim amidst a sea of frivolous ones, the case cannot count as a § 1915(g) strike. As this and other courts have contemplated, if any of the claims have merit, then the case cannot count as a strike.").

In *Gates v. Holladay, et al*, some of Plaintiff's claims were dismissed for failure to state a claim under 42 U.S.C. § 1983, but Plaintiff was allowed to proceed on the remaining claims. *Gates v. Holladay, et al*, 4:2008-cv-04208 (E.D. Ark. 2008) (Docket Entry No. 8). The dismissal

7

of this action does not count as a strike against Plaintiff under § 1915(g). Likewise, in *Gates v. Hobbs, et al*, Plaintiff brought suit against ten defendants. Certain claims were dismissed against some defendants while Plaintiff was allowed to proceed with other claims. The dismissal of this action does not count as a strike against Plaintiff under § 1915(g).

Three of Plaintiff's previous cases were dismissed with prejudice on summary judgment. *Gates v. Holladay, et al*, 4:2008-cv-04194 (E.D. Ark. 2008); *Gates v. Holladay, et al*, 4:2009-cv-00267 (E.D. Ark. 2009); *Gates v. Holladay, et al*, 4:2008-cv-04226 (E.D. Ark. 2008). Dismissal on summary judgment is not a dismissal for failure to state a claim, so as to constitutes a strike for purposes of § 1915(g). These three cases do not count as strikes against Plaintiff because the orders dismissing the cases do not state that the cases were dismissed for failing to state a claim or for being frivolous or malicious. In the future the Defendants would be well advised to more carefully review the pleadings before making the bare assertion that a dismissal is a strike.

Only one of Plaintiff's previous claims constitutes a strike under 28 U.S.C. § 1915(g). Therefore, Plaintiff is not barred from proceeding *in forma pauperis* and the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss be **DENIED**.

### III. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief (Docket Entry No. 22) be **DENIED** and that Defendants' Motion to Dismiss (Docket Entry No. 24) be **DENIED**.

Under Federal Rule of Civil Procedure 72(b), any party has fourteen (14) days from service of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Fed. R. Civ. P. 72(b). Any party opposing shall have fourteen (14) days from receipt of any objections filed

regarding this Report and Recommendation within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155, *reh'g denied*, 474 U.S. 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 13th day of March, 2015.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge