UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| ERCIL K. RAYFORD, #150772 | ) | |
|---|---|---|
| | ) | Case No. 1:14-cv-00122 |
| Plaintiff, | ) | Senior Judge William J. Haynes, Jr. |
| | ) | Magistrate Judge Joe Brown |
| v. | ) | Jury Trial Demanded |
| | ) | |
| REBECCA MILLAY AND | ) | |
| DAVID BREECE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's second and third Motions for Injunctive Relief. (Docket Entry No. 28 and 50). For the reasons explained below, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motions (Docket Entry No. 28 and 50) be **DENIED**.

### I. Statement of the Case

In Plaintiff's second Motion for Injunctive Relief, he has requested three injunctions: (1) an injunction requiring Defendant Millay to process Plaintiff's "two-way" messages; (2) an injunction requiring Defendant Millay to verify Plaintiff's G.E.D. certificate; and (3) an injunction providing Plaintiff with a new job. (Docket Entry No. 28). Defendants have filed a Response (Docket Entry No. 29) to which Plaintiff filed a Reply.[1] (Docket Entry No. 33).

In Plaintiff's third Motion for Injunctive Relief, he seeks relief for Defendant Millay's "continued hinderence [sic] in the Plaintiff's pursuant to prosecute his claims." (Docket Entry No. 50, p. 1). The Magistrate Judge need not wait for a Response to this Motion.

When determining whether a grant of injunctive relief is appropriate, the court should consider the following elements: "(1) the likelihood that the movant will succeed on the merits;

---

[1] Plaintiff did not ask for leave to file a reply as required by Local Rule 7.01(b). However, the Magistrate Judge will still consider this filing in his Order.

(2) whether the movant will suffer irreparable harm if the injunction is not granted; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the injunction advances the public interest." *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009) (internal citations omitted). If the plaintiff's claim in the motion for injunctive relief does not relate to the plaintiff's original claim in the complaint, injunctive relief is improper. *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). Moreover, " '[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' " *Colvin*, 605 F.3d at 300 (6th Cir. 2010).

Here, Plaintiff's original Complaint concerned Defendant's alleged confiscation of documents related to Plaintiff's Habeas Corpus petition. (Docket Entry No. 1). However, the requests in Plaintiff's second Motion for Injunctive Relief (Docket No. 28) are not related to the original Complaint. Moreover, although the request in Plaintiff's third Motion for Injunctive Relief (Docket No. 29) is related to the original Complaint, it still fails under the *Jones v. Caruso* analysis, as explained below.

### A. Plaintiff's Second Motion for Injunctive Relief

In Plaintiff's second Motion for Injunctive Relief, his first request concerns the alleged failure to process Plaintiff's jail messages. Plaintiff alleges that Defendant Millay did not process three of his two-way messages requesting access to the law library and alleges that Plaintiff was unable to access the law library on the three requested occasions. (Docket Entry No. 28). However, without addressing the issue of whether any injury occurred, the Magistrate Judge finds that Plaintiff fails to establish a relationship between the processing of his messages and his original Complaint. Therefore, the Magistrate Judge need not apply the four factors from *Jones*

*v. Caruso* to this request for injunctive relief. Therefore, the Plaintiff's first request for injunctive relief should be denied.

Plaintiff's second and third requests for relief concern the verification of his G.E.D. certificate. Plaintiff alleges that Defendant Millay is refusing to verify Plaintiff's G.E.D. certificate and consequently Plaintiff cannot apply to transfer jobs within the prison. (Docket Entry No. 28). Plaintiff alleges that his current job requires him to touch cleaning tools and Plaintiff is concerned about the risk of catching a disease. (Docket Entry No. 28). The Magistrate Judge liberally construes this claim as falling under the Eighth Amendment. As such, this claim does not relate to the conduct alleged in the original complaint. Therefore, Plaintiff's second request for injunctive relief should also be denied.

Plaintiff's third request for relief concerns a request for employment, which does not relate to the conduct alleged in his Complaint. Therefore, Plaintiff's third request for injunctive relief should also be denied.

### B. Plaintiff's Third Motion for Injunctive Relief

In Plaintiff's third Motion for Injunctive Relief, he alleges that Defendant Millay has denied Plaintiff the opportunity to copy legal documents related to his "habeas corpus/detainer." (Docket Entry No. 50, p. 1). Liberally construing this, the Magistrate Judge finds that Plaintiff's claim relates to the original Complaint. However, Plaintiff's claim nonetheless fails, primarily because of the low likelihood of success on the merits. In Plaintiff's Motion, he concedes that he has filed a grievance but states that he "has absolutely no faith in this prison grievance procedure. (Docket Entry 50, p. 2). However, futility does not excuse the requirement to exhaust administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). To be clear, Plaintiff has also failed to show that he will suffer irreparable harm if the Motion is not granted.

Finally, he has failed to address the probability of harm to others or how the Motion, if granted, would advance the public interest. Therefore, the Magistrate Judge finds that Plaintiff's third Motion for Injunctive Relief should be denied.

The Magistrate Judge does note that the Defendants' Response to Plaintiff's second Motion for Injunctive Relief (Docket Entry No. 29) was short on both case law and helpful analysis. The Defendants' Response was also filed after the fourteen (14) day time limit required under Local Rule 7.01(b).

## II. Recommendation

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motions (Docket Entry No. 28 and 50) be **DENIED**.

Under Federal Rule of Civil Procedure 72(b), any party has fourteen (14) days from service of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. FED. R. CIV. P. 72(b). Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report and Recommendation within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155, *reh'g denied*, 474 U.S. 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 22nd day of April, 2015.

/s/ Joe B. Brown  
Joe B. Brown  
United States Magistrate Judge