```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION

ERCIL K. RAYFORD,               )
                                )
         Plaintiff,             )
                                )       No. 1:14-0122
v.                              )       Senior Judge Haynes/Brown
                                )       Jury Demand
REBECCA MILLAY and DAVID BREECE,)
                                )
         Defendants.            )
```

**TO: THE HONORABLE WILLIAM J. HAYNES, JR.**

### REPORT AND RECOMMENDATION

The Magistrate Judge recommends for the reasons explained below that: 1) the Defendants' motion for summary judgment Docket Entry 85 be granted; 2) the Plaintiff's motion for summary judgement Docket Entry 96 be denied; 3) this action be dismissed with prejudice; 4) adoption of this Report and Recommendation (R&R) constitute the final judgment in this action; 5) any appeal not be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

### BACKGROUND

Plaintiff, proceeding *pro se* and *informa pauperis*, brought this action (Docket Entry 1) under 42 U.S.C. § 1983 against Defendants Rebecca Millay and David Breece, both of whom were employed at the Turney Center Industrial Complex (TCIX) at the time of the alleged events that gave rise to this action. The complaint alleges that Defendants Millan and Breece violated the Plaintiff's First Amendment right of access to the courts on July 8, 2014 by refusing to make copies of documents that the Plaintiff intended to

file in state court, and that they confiscated the documents instead.

The Plaintiff filed a 62-page complaint accompanied by a six-page brief (Docket Entry 2).[1] On initial review, the District Judge allowed the case to proceed as to both Defendants for the reasons stated in the Court's memorandum (Docket Entry 11). The Court's memorandum summarizes the complaint as follows (Docket Entry 11, pp. 98-99)[2]:

> In this action, Plaintiff alleges that Defendants Rebecca Millay and David Breece, both employed at TCIX, confiscated documents that related to a habeas corpus proceeding in the Tennessee state courts, and that such confiscation occurred just days prior to the date on which Plaintiff intended to file these documents as exhibits to a court pleading. Plaintiff insists that these exhibits proved his claim, namely that the Tennessee Department of Correction has continued to exercise custody over him past the date his sentences expired. Plaintiff insists that, but for the confiscation of these documents, he could have proved the merits of his claims in the state court.
>
> Prisoners have a constitutional right of meaningful access to the courts to attack their sentences or challenge conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (per curiam) ("A prisoner's right to access the courts extends to direct appeals, habeas

---

[1] The complaint is hardly a short and plain statement and the grounds for relief contemplated by Rule 8 of the Federal Rules of Civil Procedure. A brief in support of the complaint is not an authorized pleading.

[2] The page numbers referred to in this R&R are to the "Page ID #" assigned by the Court's CMECF system.

corpus applications, and civil rights claims only.") To state a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation. *Lewis*, 518 U.S. at 351. Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *See id.; Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

Here, Plaintiff alleges that Defendants are prison officials who are presumed to act under color of state law, and he alleges that Defendants were personally involved in activities that directly interfered with Plaintiff's pursuit of a meritorious habeas corpus action in the state court. The Court must accept the Plaintiff's allegations as true at this stage in the proceedings. The Court therefore finds, for purposes of the initial review required by the PLRA, that the Plaintiff has stated colorable claims against Defendants.

The District Judge referred this case to the Magistrate Judge for case management and to enter a R&R as to any dispositive matter (Docket Entry 13). Thereafter, the Plaintiff filed a motion for injunctive relief (Docket Entry 22) concerning alleged activities at the mail room and the Defendants filed a motion to dismiss arguing that the Plaintiff had three strikes under the PLRA (Docket Entry 24). After review by the undersigned a R&R was entered recommending that the motions be denied (Docket Entry 36).[3] The District Judge adopted the R&R (Docket Entry 46).

---

[3] The Magistrate Judge would note that the State's motion seeking to dismiss because of three strikes was frivolous. The State provided no analysis of the seven cases it claims were strikes and upon a cursory review only one of them would constitute a strike.

3

The Plaintiff filed two additional motions for injunctive relief (Docket Entries 28 and 50). The undersigned entered a R&R recommending that these motions be denied as not properly relating to the original complaint (Docket Entry 56). Once again, the District Court adopted the R&R (Docket Entry 72).

An initial case management conference was held on June 10, 2015, and an initial case management order entered (Docket Entry 75). Thereafter, the Defendants filed a motion for summary judgement (Docket Entry 85)and a supporting memorandum (Docket Entry 86); a statement of undisputed material facts (Docket Entry 87); affidavits from Defendant Millay (Docket Entry 88) and Defendant Breece (Docket Entry 89); the affidavit of Correctional Counselor Rook Lawson (Docket Entry 90); the affidavit of Adrianne Pruitt-Owens, a Sentence Analyst with the Tennessee Department of Corrections (TDOC) (Docket Entry 91) in which she summarizes what TDOC contends are the expiration dates for the Plaintiff's sentences in the Tennessee system. Attached to her affidavit are various criminal judgments against the Plaintiff (Docket Entry 91, Ex. 1 through 14).

The Defendants also filed three additional attachments to their motion for summary judgment (Docket Entries 92-94). Docket Entry 92 is a copy of an order entered by the Circuit Criminal Court for Hickman County (Hickman County Criminal Court) on June 19, 2014, dismissing the Plaintiff's petition for state habeas corpus relief.

4

Docket Entry 94 is a copy of the Plaintiff's motion received by the Hickman County Criminal Court on July 14, 2014 to alter, amend or find additional facts to show that TDOC had improperly calculated his release dates. The certificate of service shows that the Plaintiff actually filed the motion on July 9, 2014, the day after the alleged events that gave rise to this action. The Magistrate Judge notes that the Plaintiff makes no mention whatsoever in his motion that he had additional supporting documents, or that he was prevented from filing those documents by the alleged actions of Defendants Millan and Breece.

Docket Entry 93 is a copy of an order entered by the Hickman County Criminal Court on July 31, 2014, denying the Plaintiff's request for a hearing and dismissing his petition for state habeas corpus relief in its entirety. The order states that the Plaintiff has not made a sufficient factual basis to be entitled to state habeas corpus relief, that the order constitutes the final order in the matter and, as such, the order was appealable (Docket Entry 93). It does not appear from the record before the Court that the Plaintiff ever complained to the Hickman County Criminal Court about the alleged actions of Defendants Millay or Breece, that he asked the Hickman County Criminal Court to reconsider its final order based on those allegations, or that he perfected an appeal from the Hickman County Criminal Court's final order, on those grounds or otherwise.

The Plaintiff filed a response to the Defendants' motion for summary judgment, and a motion for summary judgment of his own (Docket Entry 96). The Plaintiff filed a memorandum in support of his response and motion for summary judgment (Docket Entry 97), a statement of undisputed material facts (Docket Entry 98), his own affidavit (Docket Entry 99), and a response to the Defendants' statement of undisputed material facts. In his affidavit (Docket Entry 99, p. 592-594), the Plaintiff specifically disputes any statement that the Defendants returned his documents to him.

The Plaintiff also requested appointment of counsel (Docket Entry 95), which the State opposed (Docket Entry 100). The Magistrate Judge denied the motion for appointment of counsel (Docket Entry 101), but in that order he specifically stated that, "The Defendants should respond to the Plaintiff's motion for summary judgment within **28 days**." For some reason, the Defendants did not respond to the Plaintiff's motion for summary judgment or to the Plaintiff's statement of undisputed material facts. This matter is now properly before the Court.

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.; see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Sierra Club v. ICG Hazard, LLC*, 781 F.3d 281, 284 (6th Cir. 2015). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict

for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Yates v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, 808 F.3d 281, 290 (6th Cir. 2015). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 249-50; *see Marie v. American Red Cross*, 771 F.3d 344, 351 (6th Cir. 2014). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First Nat. Bank of Arizona v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)); *see In re Classic Stare Mare Lease Litigation*, 727 F.3d 473, 483 (6th cir. 2013).

Under Local Rule 7.01(b), failure to file a timely response shall indicate there is no opposition to the motion. Additionally, Local Rule 56.01(c) provides that the party opposing the motion for summary judgment **MUST** respond to each fact set forth. Subsection (g) of the Local Rule further provides that failure to respond to a moving party's statement of material facts shall indicate that the asserted facts are not disputed for purpose of summary judgment.

The State's failure to respond to the Plaintiff's motion for summary judgment and his statement of undisputed material facts is inexcusable, particularly given the fact that the requirement to do so was specifically pointed out to the State by the Magistrate

Judge. Nevertheless, despite the State's failure to respond, the Court must examine the Plaintiff's motion to see if it has merit. For the reasons explained below, the Magistrate Judge concludes that the Plaintiff's motion for summary judgment should be denied.

The Plaintiff's motion for summary judgment (Docket Entry 96) actually is a motion for the Court to rule that his petition for state habeas corpus relief has merit and that his petition in state court should be granted. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v.Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). A § 1983 claim challenging confinement must be dismissed even where, as here, the Plaintiff seeks only monetary and/or injunctive relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a prisoner does not state a cognizable claim under § 1983 where a ruling in favor of his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *see Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir.

2013). Since the Plaintiff has neither established nor shown that his conviction(s) has/have been "favorably terminated," he is not entitled to relief under § 1983 and his motion for summary judgement should be denied.

Turning to the Defendants' motion for summary judgment (Docket Entry 85), the Magistrate Judge believes that this motion should be granted. Although there is a clear factual dispute as to whether the Defendants confiscated and failed to return any portion of the Plaintiff's documents, this does not prevent granting the Defendants' motion.

The record shows that the Plaintiff filed his motion to alter, amend, or find additional facts in Hickman County Criminal Court the day immediately following the alleged events that gave rise to this action. The Defendants' alleged actions obviously did not prevent the Plaintiff from filing his motion. Moreover, nowhere in that motion does the Plaintiff assert that he was in possession of documents that would support his claim that he was entitled to state habeas corpus relief, much less that the Defendants alleged actions prevented him from submitting those documents with his motion. Finally, as previously noted above, the record does not show that the Plaintiff ever filed a motion in the Hickman County Criminal Court to reconsider its final order on the grounds that the Defendants interfered with the prosecution of his state habeas corpus action, or that he perfected an appeal on such grounds. Because the Plaintiff has not shown that he was denied

access to the courts, the Defendants' motion for summary judgment should be granted and this case dismissed.

## CONCLUSION
## AND
## RECOMMENDATION

The Magistrate Judge recommends for the reasons explained above that: 1) the Defendants' motion for summary judgment Docket Entry 85 be granted; 2) the Plaintiff's motion for summary judgement Docket Entry 96 be denied; 3) this action be dismissed with prejudice; 4) adoption of this R&R constitute the final judgment in this action; 5) any appeal not be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this R&R in which to file any written objections with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this R&R in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this R&R can constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of March 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge