UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ERCIL K. RAYFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1-14-00122 |
| v. | ) Senior Judge Haynes |
| | ) |
| REBECCA MILLAY AND | ) |
| DAVID BREECE, | ) |
| | ) |
| Defendants. | ) |

# O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 105) to grant Defendants' motion for summary judgment (Docket Entry No. 85) and deny Plaintiff's motion in opposition of the Defendants' motion for summary judgment and for summary judgment (Docket Entry No. 96). Plaintiff filed an objection (Docket Entry No. 108).

On initial review, this Court summarized Plaintiff's complaint as follows:

> In this action, Plaintiff alleges that Defendants Rebecca Millay and David Breece, both employed at TCIX, confiscated documents that related to a habeas corpus proceeding in the Tennessee state courts, and that such confiscation occurred just days prior to the date on which Plaintiff intended to file these documents as exhibits to a court pleading. Plaintiff insists that these exhibits proved his claim, namely that the Tennessee Department of Correction has continued to exercise custody over him past the date his sentences expired. Plaintiff insists that, but for the confiscation of these documents, he could have proved the merits of his claims in the state court.

(Docket Entry No. 11 at 2-3). Essentially, Plaintiff alleges that Defendants confiscated Tennessee Offender Management Information System ("TOMIS") documents that relate to his criminal sentences. In his complaint, Plaintiff alleges:

> [O]n Oct. 6, 1992, cases 9207650-57, and 9207662-64, all were 10 year convictions for aggravated robbery, "11 counts," and were ordered to run concurrent with each other. These 11 convictions are cases <u>2 through 12</u> of 13 cases of the Tennessee

Sentences. And on July 7, 2014 Rook Lawson during the day he initially provided me this evidence, printed 2 extra copies of case 3 of 13 of Tennessee Sentences. And on July 7, 2014 Rook Lawson during the day he initially provided me this evidence, printed 2 extra copies of case 3 of 13 of Tennessee Sentences. The others was only copied **once**, and all 13 was taken by Rebecca Millay and David Breece. However, included with this complaint is case 3, number 9207651 and this evidence prove that case 3 **is** expired. And it proves the other 10, "10 year convictions are expired as well." They are all concurrent with each other. These documents taken would have proven each of my convictions has expired. These documents would have proven that T.D.O.C. has enforced my Judgments wrong.

(Docket Entry No. 1 at 20-21).

The Magistrate Judge concluded that Plaintiff's motion for summary judgment is, in essence, "a motion for the Court to rule that his petition for state habeas corpus relief has merit and that his petition in state court should be granted" and should therefore be denied because "'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983.'" (Docket Entry No. 105 at 8, quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994) 1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). Thus, a § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. Heck, 512 U.S. at 489–90 (claim for damages is not cognizable); Preiser, 411 U.S. at 488–90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). The Magistrate Judge also concluded that Plaintiff's motion for summary judgment should be denied because Plaintiff cannot "state a cognizable claim under § 1983 where a ruling in favor of his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated." Id. at 8, citing Heck, 512 U.S. at 486-87.

As to Defendants' motion for summary judgment, the Magistrate Judge concluded:

2

> The record shows that the Plaintiff filed his motion to alter, amend, or find additional facts in Hickman County Criminal Court the day immediately following the alleged events that gave rise to this action. The Defendants' alleged actions obviously did not prevent the Plaintiff from filing his motion. Moreover, nowhere in that motion does the Plaintiff assert that he was in possession of documents that would support his claim that he was entitled to state habeas corpus relief, much less that the Defendants alleged actions prevented him from submitting those documents with his motion. Finally, as previously noted above, the record does not show that the Plaintiff ever filed a motion in the Hickman County Criminal Court to reconsider its final order on the grounds that the Defendants interfered with the prosecution of his state habeas corpus action, or that he perfected an appeal on such grounds. Because the Plaintiff has not shown that he was denied access to the courts, the Defendants' motion for summary judgment should be granted and this case dismissed.

Id. at 9-10.

In his objection, Plaintiff reasserts, in essence, that he is entitled to habeas relief and asserts that "Defendants confiscated half of [Plaintiff's] Habeas Petition." (Docket Entry No. 108 at 2).

As correctly determined by the Magistrate Judge on Plaintiff's motion for summary judgment, "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Preiser, 411 U.S. at 490. Thus, Plaintiff's § 1983 claim must be dismissed because, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck, 512 U.S. at 481; Preiser, 411 U.S. at 488–90. Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, i.e., reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87.

3

As to Plaintiff's denial of access to the courts claim, the record reflects that Plaintiff was able to file on July 9, 2014 his motion to alter, amend, or find additional facts pertaining to the Hickman County Criminal Court's dismissal of his petition for writ of habeas corpus, citing case and statutory authority upon which he relied and referencing his state court judgments. (Docket Entry No. 94). Further, to establish a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation. Lewis v. Casey, 518 U.S. 343, 351 (1996). Tennessee courts have held that "a TOMIS report cannot be used to establish a claim for habeas corpus relief." Borum v. Stewart, No. W2012-00863-CCA-R3-HC, 2012 WL 3871466, at *4 (Tenn. Crim. App. Sept. 6, 2012) (citing James G. Watson v. Harold Carlton, Warden, No. E2011-00288-CCA-R3-HC, 2011 WL 4790953, at *3 (Tenn. Crim. App. Oct.11, 2011) (citing Tucker v. Morrow, 335 S.W.3d 116, 123–24 (Tenn. Crim. App. 2009)); Wallace v. State, No. M2013-01685-CCA-R3HC, 2014 WL 2553435, at *3 (Tenn. Crim. App. June 4, 2014). Thus, Plaintiff fails to show that he suffered actual prejudice from the alleged denial of the TOMIS reports in his state habeas corpus proceedings.

Accordingly, having considered Plaintiff's objection and conducted a *de novo* review of the Magistrate Judge's Report and Recommendation, for the reasons stated above, the Report and Recommendation (Docket Entry No. 105) is **ADOPTED**, Defendants' motion for summary judgment (Docket Entry No. 85) is **GRANTED**, and Plaintiff's motion in opposition of the Defendants' motion for summary judgment and for summary judgment (Docket Entry No. 96) is **DENIED**. This action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the ___1st___ day of July, 2016.

        _____
        WILLIAM J. HAYNES, JR.
        Senior United States District Judge